1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT
6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
7

8   YOHANNES TEKIE GEBREZGIE,                    No. 11cr112 SI
                                                 No.  12cv3205 SI
9                    Petitioner,
                                                 **ORDER DENYING PETITIONER'S**
10      v.                                       **MOTION FOR RECONSIDERATION**

11  UNITED STATES OF AMERICA,

12                   Respondent.
    _____/
13

14          Petitioner Yohannes Gebrezgie ("petitioner") filed this *pro se* motion for reconsideration of the

15  Court's August 1, 2013 order denying his motion to vacate, set aside, or correct a sentence pursuant to

16  28 U.S.C. § 2255, claiming ineffective assistance of counsel, and his motion for an evidentiary hearing.

17  For the reasons discussed below, petitioner's motion for reconsideration is DENIED.

18

19                                    **BACKGROUND**

20          On January 13, 2011, the government filed a criminal complaint against petitioner, alleging that

21  petitioner violated 18 U.S.C. § 922(a)(1)(A) (engaging in the unlicensed distribution of firearms); 18

22  U.S.C. § 922(g)(1) (being a felon in possession of a firearm); and 21 U.S.C. § 841(a)(1) and (b)(1)(A)

23  (distributing at least 50 grams of methamphetamine).  On March 7, 2011, the government filed felony

24  Information 11-CR-112 against petitioner, charging him only with the two firearm offenses and

25  dropping the narcotics trafficking violation. On March 8, 2011, petitioner waived his right to indictment

26  and consented to the filing of the Information.

27          On May 6, 2011, petitioner pled guilty to the two firearm counts.  Docket No. 12, Plea

28  Agreement. As part of the Plea, petitioner agreed to give up his right to appeal his conviction, judgment,

**United States District Court**
For the Northern District of California

1

and orders of the Court. *Id.* Petitioner also waived his right to file a collateral attack on his convictions or sentence under 28 U.S.C. §§ 2255 or 2241 and 18 U.S.C. § 3582, with the exception of preserving the right to claim that his constitutional right to the effective assistance of counsel was violated. *Id.* Finally, petitioner agreed to a sentence of imprisonment of no less than 120 months and no more than 180 months. *Id.* Petitioner's guideline sentencing range was determined by the Court to be 151-188 months.

On July 29, 2011, the Court sentenced petitioner to a term of 151 months–120 months for the § 922(g)(1) violation, to be followed by a 31-month term for the violation of § 922(a)(1)(A). Docket No. 19, Judgment at 2. On October 27, 2011, petitioner was transported from federal prison to Sonoma County Jail to face six counts filed against him in state court. Docket No. 24, Mot. to Vacate at 3. On December 1, 2011, petitioner pled guilty to the state charges, and, on March 20, 2012, was sentenced to 80 months of state imprisonment, to run consecutive to his federal sentence. *Id.*

On June 15, 2012, petitioner filed a motion under 28 U.S.C. § 2255 alleging that his counsel was ineffective, and therefore his prison sentence was invalid, because his attorney's erroneous advice during the plea negotiation process made petitioner's consent to the plea agreement involuntary. Petitioner contended that his attorney advised him to accept the plea agreement after the government verbally agreed, in exchange for petitioner's consent to the plea agreement, to contact the state prosecutor and ask that the state case against petitioner be dismissed. *Id.* at 6. According to petitioner, his attorney failed to follow up with the government regarding the verbal agreement, and the government never contacted the state prosecutor. *Id.* at 7-8. Petitioner claimed that the alleged promise by the government to contact state prosecutors is what motivated him to accept the plea agreement. *Id.*

On August 1, 2013, the Court denied petitioner's § 2255 motion, along with his request for an evidentiary hearing. Docket No. 35, Order Den. Pet'r's Mot. to Vacate. The Court concluded that petitioner was unable to show he was entitled to relief because he failed to allege facts showing that he had been prejudiced by the acts of his counsel. *Id.* at 4.

By the present motion, petitioner asks the Court to reconsider its prior order denying his § 2255 motion and request for an evidentiary hearing.

**LEGAL STANDARD**

**1. Motion for Reconsideration**

Reconsideration of a prior order is appropriate: (1) if the district court is presented with newly discovered evidence, (2) if the district court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration presents "an 'extraordinary remedy,' to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . ."). "Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief." *Irias v. Woodford*, No. C 04-02740 JW (PR), 2013 WL 124359, at *1 (N.D. Cal. Jan. 8, 2013); *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

**2. § 2255 Standard**

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under that statute, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside," and then perform one of the following four actions: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**United States District Court**
For the Northern District of California

3

**3. Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).   To prove ineffective assistance of counsel, the petitioner must first show that counsel's performance was deficient. *Id.* at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, assessed based on prevailing professional norms at the time. *Silva v. Woodford*, 279 F.3d 825, 838 (9th Cir. 2002). Second, the petitioner must show that counsel's deficient conduct prejudiced the outcome of the case. *See Strickland*, 466 U.S. at 687.  The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694; *Cf. Glover v. United States*, 531 U.S. 198, 203 (2001) ("[A]ny amount of [additional] jail time has Sixth Amendment significance").

A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

**DISCUSSION**

Petitioner has not presented the Court with newly discovered evidence or an intervening change in controlling law. Rather, petitioner claims the Court made a clear error in denying his § 2255 motion. Clear error exists when a court has a definite and firm conviction that a mistake has occurred. *Milenbach v. Comm'r of Int'l Revenue*, 318 F.3d 924, 935 (9th Cir. 2003).

To establish prejudice under *Strickland*, petitioner must show there is a "reasonable probability" that but for counsel's errors, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This requires a "substantial," not just "conceivable," likelihood of a different result. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Harrington v. Richter,* 131 S. Ct. 770, 791 (2011)); *see also Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008) ("speculation is plainly insufficient to establish prejudice").

Even assuming petitioner's counsel committed error when he advised petitioner as part of the plea agreement process, petitioner has not suffered prejudice.  Petitioner concedes that in making the

**United States District Court**
For the Northern District of California

1   plea agreement, he understood that the United States Attorney had no authority to order the state

2   prosecutor to drop some or all of the state charges.  Docket No. 24, Mot. to Vacate at 13.  Therefore,

3   petitioner was relying on no more than a chance that the state prosecutor would listen to the United

4   States Attorney and decide to abandon the state's claims against petitioner; there was never a guarantee

5   that the state charges would be dropped.  Even if the promise was fulfilled, petitioner  was just as likely

6   to find himself facing the state charges and receiving the same state sentence in addition to his federal

7   sentence.  Therefore, petitioner's claim relies on speculation and his allegations fail to show that there

8   is a reasonable probability the result of the proceedings would have been different.

9          Petitioner also argues that he was prejudiced because if he had known that the United States

10   Attorney was not going to speak with the state prosecutor, he could have delayed his federal sentencing

11   until after his state sentencing to take advantage of the concurrent sentencing requirements under the

12   federal guidelines section 5G1.3.  This argument is also speculative.  Petitioner has not made any

13   showing that he would have actually been able to delay his federal sentencing, which occurred before

14   he resolved the state court charges.  Petitioner relies on hindsight to claim that he could or would have

15   chosen to resolve his state action before the federal action, or whether the option of a federal plea

16   agreement would still be available after he received his state sentence.  For these reasons, petitioner has

17   failed to provide allegations showing there is a reasonable probability that, but for his counsel's error,

18   the proceedings would have been different.  Accordingly, the Court did not err in denying petitioner's

19   § 2255 motion.

20

21                                        **CONCLUSION**

22          For the foregoing reasons, the Court DENIES petitioner's motion for reconsideration of the

23   Court's August 1, 2013 order.

24

25          **IT IS SO ORDERED.**

26
     Dated: October  17, 2013                        _____
27                                                    SUSAN ILLSTON
                                                      United States District Judge
28