United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEBREZGIE,<br><br>Defendant. | Case No. 11-cr-00112-SI-1<br><br>**ORDER GRANTING REQUEST FOR DESIGNATION NUNC PRO TUNC OF STATE PENAL INSTITUTION AS PLACE OF SERVICE OF FEDERAL SENTENCE**<br><br>Re: Dkt. No. 51 |

Before the Court is defendant Gebrezgie's amended motion for concurrent sentence. Dkt. No. 51. On April 30, 2021, the Court heard oral argument on defendant's motion. Dkt. No. 62. For the reasons stated below, the Court GRANTS in part defendant's motion.

## BACKGROUND

In November 2010, defendant was taken into state custody pursuant to criminal complaints filed by Sonoma County. Dkt. No. 53 at 2.

On January 13, 2011, the Northern District of California indicted defendant in the instant case for alleged violations of 18 U.S.C. § 922(g), felon in possession of a firearm; 18 U.S.C. § 922(a)(1), unlicensed distribution of firearms; and 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine. Dkt. No. 1. On January 17, 2011, defendant was temporarily released from state custody to federal custody. Dkt. No. 53 at 2.

On May 9, 2011, defendant pled guilty before this Court to violations of 18 U.S.C. § 922(g), felon in possession of a firearm, and 18 U.S.C. § 922(a)(1), unlicensed trafficking of firearms. Dkt. No. 12. On July 29, 2011, the Court sentenced defendant to a term of 151 months imprisonment

followed by five years of supervised release for violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm, and § 922(a)(1)(A), engaging in the unlicensed distribution of firearms. Dkt. No. 18. Upon sentencing, defendant was remanded to the custody of the Bureau of Prisons ("BOP"). Dkt. No. 53 at 3.

On October 27, 2011, defendant was transported from BOP custody to Sonoma County Jail. Dkt. No. 24 at 3. On December 1, 2011, defendant pled guilty to the state charges, and, on March 20, 2012, was sentenced to 80 months of state imprisonment. *Id.* While in state custody, on August 15, 2019, defendant was sentenced by the State of California to a term of four years of state imprisonment for possession of drugs where prisoners are kept. Dkt. No. 44 at 2. On July 30, 2020, defendant finished his state sentence and was released to federal custody to commence his federal sentence. *Id.*

On November 9, 2020, the Court received a letter from BOP requesting the Court's guidance on whether defendant's federal sentence should run concurrent or consecutive to defendant's state sentence. Dkt. No. 44. On February 9, 2021, defendant filed an amended motion requesting the Court to advise BOP that his federal sentence should run concurrent to his state sentence. Dkt. No. 51 at 2. On March 26, 2021, the government filed an opposition. Dkt. No. 53. On April 14, 2021, defendant filed a reply. Dkt. No. 61.

**LEGAL STANDARD**

"Once the district court has discharged its sentencing function . . . [the BOP] has the authority to calculate the defendant's sentences in accordance with the district court's orders, as well as designate the faculty for service of such services." *Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231, 244-45 (2012). Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment" and consider "recommendations of the sentencing court." 18 U.S.C. § 3621(b). The Ninth Circuit has recognized that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011).

**DISCUSSION**

Defendant argues the Court must re-sentence defendant to concurrent time. Dkt. No. 51 at 6. The government disagrees and further argues the Court's authority is limited to advising BOP on whether defendant's federal sentence should run consecutive or concurrent to defendant's state sentence. *Id*. at 8-9. Defendant agrees that BOP can designate *nunc pro tunc*. Dkt. No. 61 at 7.

The Court agrees its authority is limited to advising BOP on *nunc pro tunc* designation. Defendant argues that re-sentencing is required because there was "no state case at the time of the federal sentencing." Dkt. No. 51 at 4. However, the record indicates that there was a pending state case against defendant at the time of sentencing and defendant failed to cite Ninth Circuit precedent requiring re-sentencing to concurrent time when there was a pending state case at the time of sentencing.[1]

Accordingly, the Court considers whether it should recommend to BOP for designation *nunc pro tunc* of the state institution as defendant's place of confinement for serving his federal sentence. The Court has carefully reviewed the parties' papers and recommends the BOP designate the state institution for service of defendant's federal sentence. It was the intent of this Court for defendant's federal sentence to be served concurrently with his state sentence. *See* 18 U.S.C. § 3621 ("The [BOP] shall designate the place of the prisoner's imprisonment . . . [considering] recommendations of the sentencing court."); *Setser v. United States*, 566 U.S. 231, 239 (2012) ("§ 3621(b) . . . *is* a conferral of authority on [BOP], but does not confer authority to choose between concurrent and consecutive sentences . . . room for the exercise of judicial discretion"); *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) ("["§ 3621(b)] is a direction to [BOP] to consider statements made by the sentencing judge to determine the judge's intent and reasoning for the particular sentence imposed on the particular defendant."). The Court was aware of the state detainer at the

---

[1] Defendant cited BOP Program Statement 5160.05, stating that the Court may "order concurrent service of the federal sentence at some time after its imposed. This may occur when primary jurisdiction resided with the state and the Court mistakenly believed that the inmate was in federal custody for service of the federal sentence on the date of imposition." However, at the time of sentencing, the Court understood that defendant was in custody of the state. *Cf. Ponzi v. Fessenden*, 258 U.S. 254, 259 (1922) (holding the first sovereign to arrest a defendant obtains primary jurisdiction); *Johnson v. Gill*, 883 F.3d 756, 765 (9th Cir. 2018) ("A sovereign's priority terminates when the sentence expires, charges are dismissed, or the prisoner is allowed to go free.")

time of sentencing. Thus, the Court recommends the BOP grant defendant Gebrezgie's *nunc pro tunc* request and designate the state institution for service of his federal sentence. *See McDade v. Gutierrez,* No. CV 13-7503-CJC (JEM), 2016 WL 540732 at *5 (C.D. Cal. Feb. 9, 2016) ("the BOP reviewed Petitioner's eligibility for *nunc pro tunc* designation to a state facility to determine whether it was appropriate to retroactively commence running his federal sentence while he was still in state custody . . . the BOP solicited the federal sentencing court's views); *Dupre v. Fox*, No. 14-07236-VBF, 2015 WL 4092531, at *1-2 (C.D. Cal. July 2, 2015) (considering *nunc pro tunc* designation where defendant was sentenced by federal district court after defendant was arrested by state authorities but pending state sentencing).

**IT IS SO ORDERED**.

Dated: June 28, 2021

_____
SUSAN ILLSTON
United States District Judge